May it please the Court, my name is Wayne Young. I represent the appellant, Mr. Olawale. When Mr. Olawale pled guilty, there was no written plea agreement, so there's no written memorandum that establishes which sentencing factors, if any, he was stipulating to. At his change of plea, his counsel made clear that he was only admitting those facts necessary to the underlying offenses, the money laundering, the bank fraud, and the others. He made it equally clear, or specifically clear, that he was not admitting anything to do with the amount of loss or the relevant conduct. He was – the Court imposed enhancements for relevant conduct and several others that increased his sentence substantially. And his counsel argued in sentencing that a higher standard of proof is required on those enhancements than the normal preponderance of the evidence because of the impact of those enhancements on his overall sentence. The Court imposed the enhancements. He appealed – argued on appeal that a higher standard of proof should apply. While the appeal was pending, the Supreme Court decided Blakely, and we brought that to the Court's attention in the Rule 28a letter. Now, what Blakely held is that the application of the guidelines in the State of Washington, not the Federal guidelines, was unconstitutional for two reasons. Not the guidelines themselves, but the application, because the Sixth Amendment, where it all began – Is this a new argument on appeal? Is this new brief? The argument – what is in the brief is that a higher standard of proof applies. I know – I know that that argument is in the brief. You're now moving on to a new argument based on Blakely. I'm just wondering whether that was in your brief. It wasn't in the brief. Blakely hadn't been decided. It was brought to the – The answer is no. The answer is no. Okay. So you didn't raise it on appeal. Did you raise the issue below? Again, the only – not Blakely was not raised below. But did you raise the issue below? Not Blakely, but I think – You raised the question of the constitutionality of the guidelines below. To the extent that the argument that a higher standard of proof is required – We understand. We'll certainly address that argument. I just wanted to know whether or not you had raised below the question of whether the guidelines are unconstitutional under Blakely or theory. Did not. Okay. So – so you're now raising it for the first time at oral argument after a 28-J letter. Yes, sir. Okay. Now, what is it that you must show in order to persuade us that we ought to consider it in a client's case? Well, the worst case would be plain error, and then the standard would be the Olano test. Everybody was surprised by Blakely. So it's hard to say that the poor district judge to whom you didn't choose to argue that the sentencing guidelines were unconstitutional was so obviously wrong. This is plain error. I mean, but is that your case, that you're making out a case of plain error? I am, Your Honor. It became clear that it's plain error that affects substantial rights and the integrity of the proceedings because he was – a significantly higher sentence was imposed upon him without finding by a jury proof beyond a reasonable doubt. But, you know, clearly it was not raised below. Okay. Let me ask you this. I'm a little confused about what you did argue below. My impression is that you attacked the 11-level adjustment on the bank fraud for the loss between $800,000 and $1.5 million. Am I right? I think we attacked both crimes, Your Honor. The two sources of the sentence here are the bank fraud and the money laundering. I looked in your brief. I have it here. I don't see where the adjustment, the four-level adjustment for money laundering is really attacked. Well, the focus on the brief was on the bank fraud, but the argument – Okay. So, I mean, that's not just the focus. That's what you argued. If you're right about the bank fraud, you shouldn't have gotten the 11-level adjustment up. The bank fraud remains the same, and I don't see how it would change the sentence any, even if you're right. No, the argument would have to apply to both the bank fraud or the money laundering. But you don't argue it, so, I mean, the only thing you seem to argue was the bank fraud. What I did argue was amount of loss. And perhaps it was my mistake, but the thrust of the whole argument was that the amount of loss should have been calculated by that higher standard of proof. If we agree with – I'm sorry. Excuse me. I just want to say, if we disagree with your analysis of what you argued, if we read the brief to be an attack on the bank fraud only, am I correct that the sentence would remain unchanged? If you are correct, Your Honor, because the higher sentence comes from the money laundering count, well, it wouldn't be unchanged because it might affect the grouping of counts. But it wouldn't be – it certainly wouldn't have the impact that I'm urging upon the Court. One of the problems is that you have in the indictment that $70,000 was stated. Yes, sir. You then have a – the United States Attorney saying $5 million was the amount. And then you have the PSR by the probation department saying it's $1,000,393, something of that nature, thousands of dollars. Now, was any of that addressed at the time of sentencing? Because the judge finally chose the $1,000,003 as the amount that he was going to sentence him on. Was there any discussion about that? Well, there was a discussion. In fact, there was a hearing, an evidentiary hearing at sentencing in which the government put on proof about the amount of loss. So there was certainly discussion. And defense counsel at the time argued that it wasn't sufficient to prove – argued both that the higher standard of proof is required and that it was insufficient to establish relevant context. But he actually pleaded guilty to the indictment, didn't he? He did. And in the indictment it says $70,000. Well, arguably, then, there is a – there is an enhancement of $70,000 that he did not challenge by pleading for that fact. And what – how many levels does he get for that? I'm not sure what that is, Your Honor, but I think it's one or two. But even that $70,000, if you look at it, there's overlap. For instance, he takes money out of an account one day and deposits it in another account the next day. That's the same money, but it's added together in the indictment to get to the $70,000. So I think there's a little room there to argue even what he admitted was a certain amount of money. But it is certainly arguable that he's admitted to the $70,000, and that would diminish the upward departure by that amount, whatever the – And you don't know how many levels that is? I do not. I'm sure Mr. Avis has that right at his fingertips. Well, it could matter, of course, because of the degree of enhancement. It's only the contested part of the enhancement that you can count on in applying – what is the case? I mean, like our case, Rusney, Riley. That we have to – that in determining what standard of proof we apply, just the court was – if there was an admission to $70,000, assume that results in a two- or three-level departure, that diminishes the argument by that amount. And that could make a difference under the – It could make a difference, but it doesn't go to the fundamental argument, which is whether all the rest of the enhancements are constitutional under Blakeley. Assuming you have a Blakeley argument. Assuming we have a Blakeley argument. And then the other issues raised by Blakeley have been addressed in some of the opinions that I cited to the Court in the Rule 28J. Can the district courts or the appellate courts – You have just under two minutes left. Do you want to keep talking or save that? I'll save it, Your Honor. Thank you very much. You'll get it in 41 seconds. We'll hear from the government. I see the government today feels insecure. It brought two lawyers. Thank you, and good morning. And may it please the Court, my name is Mark Avis. I represent the government with me at council table. This is Michael Rafael, also from my office. How are you? How is this? If the Court has any questions regarding the Blakeley decision, I will defer to him. I would be interested in knowing what is the government's position if it has a position in cases that are now in the pipeline. I believe I've seen in the news that the government has taken a position that Blakeley does not affect the sentencing guidelines, and we may get to that, but I was really more curious about what the government's position was on the prior question of whether or not cases in the pipeline, where no objection has been raised, whether it will take the position that that's plenary or not plenary. If I may, thank you. May it please the Court, Your Honor, I'm Michael Rafael. I apologize that we're switching off like this. I'm in our appellate session. Oh, I understand. The answer to your question, Your Honor, the government's position in cases such as this that are on appeal, we do believe that as part of this Court's practice, because the issue was not raised in the opening brief, under this Court's normal practice, the issue should not be addressed by the panel. If the defendant did raise a Sixth Amendment issue or an Apprendi issue in his opening brief, it could be addressed. Putting that to the side, if it had been raised in the opening brief, our position would be where an Apprendi or Sixth Amendment issue was not raised in the trial court, it should be reviewed like any other issue for plain error by this Court. And our position is in this case, if this Court were to address the issue, even though it wasn't raised in the opening brief, if this Court were to find that Blakeley applies to the sentencing guidelines which we dispute, then this Court should review for plain error the district court's failure to apply Blakeley. And we would argue that the error was not plain, even in the Seventh Circuit decision, and I apologize for referring to a decision that hasn't been cited, but this is all new, even in the Seventh Circuit decision that came out on Friday, Judge Posner, who held that Blakeley applied to the sentencing guidelines, said we cannot be sure of this, and asked the Supreme Court to visit the issue. In dissent, Judge Easterbrook said the Blakeley decision does not apply to the sentencing guidelines. So in such a situation, our position is that it cannot be plain error under the second prong of the plain error test, and it also, needless to say, under the fourth prong whether it affects the fairness or integrity or judicial repute of the reputation of the proceedings, this Court should. Kennedy. So there's some precedent. Some years back, there was a watershed opinion. McCauley, was it? McMillan. Was it McMillan? The mandatory minimum opinion? No, it had to do with charging decisions. In any event, I seem to recall that the government took the position there that those cases that had become final would go back and be reconsidered. And I'm now drawing a blank as to what the issue of the case was. It was a big series of cases that would have been set aside about 10 years ago. Okay. I can't speak, you know, to whether there is or is not a contradiction in the government's position over the course of those times. But in any event, this is the Justice Department's position, and you are speaking on behalf of Main Justice. I am. If the issue was not raised in the trial court. Okay. Really, I just want to know what the government's position was. Yes. It may come back to me what the issue was and what the cases were, but there were quite a few of them. I certainly will be checking that, because these are very present issues for all of us. I think the distinction was that if it was a constitutional violation that goes to the constitutional only to the conviction, then as I said, nothing had happened. And this, of course, only would apply to sentencing, so maybe that's a different category. Yes. And were that the rationale, I mean, there's no challenge to the conviction. In the Blakely world, the sentencing factors, what has always been known as sentencing factors, are given a little bit of a, or a. And we do know, have a little bit of guidance from, in the ring, from Ring, and, you know, they asked to apprendi that, that they should be apprendished. So that is a little bit of a. Our position is also that if Blakely does apply to the guidelines, it would not apply retroactively on collateral review. So that's another general position of the Department, does not apply to this case. Here, we are arguing, as I mentioned before, it was not raised in the opening brief, and if the Court were applying Blakely to the guidelines, it should be reviewed for plain error. Kennedy. Well, Justice O'Connor certainly seemed to think it would. But maybe dissenters tend to overstate things. And that's not unusual. It is hard to predict what the Supreme Court would do. Our position is that there are Supreme Court cases. We certainly have difficulty doing that. Yes. So do we. And the Edwards case from the Supreme Court, as well as cases like Harris and McMillan, which upheld mandatory minimums, our position is that those uphold the guidelines indeed against Sixth Amendment challenges, and that it's going to have to be to the Supreme Court to decide what happens next after Blakely. You've got about 3 minutes and 40 seconds. I would like to turn it back over to my co-counsel, Mr. Avis. Mr. Avis, let me ask you this. Does it make any difference in this case? I mean, suppose there's Blakely error in the bank fraud, the money laundering calculation seems to be not attacked and with control in any event. Am I right about that, or am I? I'm sorry. Please restate that. It seems to me the bank fraud problem might be harmless error, even if we said it's not plain error, even if we say the error is preserved. I don't see what difference it makes if the money laundering calculation is correct, which does not seem to have been attacked. Assuming, again, no Blakely issues, I agree with that because the court did assign the sentence ultimately based upon the higher offense, which was money laundering. Am I reading the record correctly that the only attack on the calculation is with respect to the bank fraud and not the money laundering? Well, the defendant's argument of sentencing wasn't exactly clear on that point. The defendant was attacking the loss figure, and the guidelines that controlled November 2000 at that time required that the loss figure for money laundering go to the same money laundering or, excuse me, loss figures in 2F1.1 that controlled fraud. So the court created, rather the court sentenced the defendant on the money laundering count based upon that same table, but made the same findings regarding loss. So at the end of the day, the loss amount was determined under the fraud guideline for money laundering, but the quantum of proof was the same. Well, I'm talking about the quantum of proof. I'm talking about the different elements of proof. Well, if he's not attacking the accuracy of the calculation for money laundering, as I understand the record. With all due respect, I believe he was attacking the accuracy because the defendant because the argument was the loss came from other than $150,000 admitted in the indictment. Okay. But nonetheless, it is the government's position that there was substantial evidence introduced at the hearing by way of the case agents who testified of their own recipient knowledge that they had interviewed victims, that they had seen the documents, and that they put them together and connected them to the defendant, both with regard to the fraud and the money laundering offenses. So it was not a situation where the defendant lacked an opportunity to know exactly where the evidence came from. It was not a situation in many of the cases that the defendant relied upon where there was insufficient proof under any standard to determine from where the loss was derived. So I think the summary ought to be following. Did you see anything in the appellant's brief where the money laundering calculation is challenged? Not specifically in that respect. The defendant just says that the loss of $1.3 million or the. Well, the $1.3 million is the bank fraud loss. That's correct. That's a different amount. There's a different figure, a different amount for money laundering than there was for bank fraud. The argument would be by the defense that the $716,000 that was laundered was derived from the original specified unlawful activity of bank fraud. And because the government proved that that original larger amount was credibly obtained and reliably introduced to the Court, that no matter whether you were to follow money laundering or bank fraud, you'd come out at the end of the day the same way. Fair enough. Thanks. If the Court has any additional questions, I'll be happy to answer. Mr. Farrell, the case I was thinking of was McNally. McNally. And I believe it dealt with RICO and the question of whether or not you can have to show tangible loss for RICO, purposes of RICO.  And it implicated lots and lots and lots of cases. And I recall we won vacating cases not only in direct appeal, but I believe quite a few cases on collateral review. And maybe there's a difference, but it seems to me this is a sort of similar watershed decision, and perhaps the government should see whether its policy with respect to the cases is consistent. I don't have any reason to doubt that it's, in fact, consistent. They've thought about it. But I do recall McNally, the government did take the position that things had to be. And I don't remember whether it took that position willingly or whether it took some help, but it eventually came around. I'm going to be checking that our current decision is a considered one. And if you have any other position, you can inform the Court. Okay. Oh, no, I'm sorry. You have a minute and 41. We'll make it two minutes. Did Silverman, in further response to your question, in the opening brief on page 32, at the end of the top paragraph, I did argue the amount of loss alleged in the money laundering conspiracy and substantive counts in counts 12 through 17 was about 78,000. So I set forth there that amount of loss had been imposed. And then the rest of the argument just talks about amount of loss generically. But I certainly did raise that the amount of loss had impacted the money laundering and substantive counts. Well, you recite as a fact that what was alleged in the indictment. I was having a hard time finding any argument that there was some defect in the money laundering calculation. Well, the better practice would have been in the next paragraph where I specifically identified the impact on the bank fraud case. I should have had a sentence that identified the impact on the money laundering case. But the whole thrust of the attack was on calculation of amount of loss because it was going to be applied to both elements, as I think Mr. Avis graciously conceded. With that, I'll submit it. Thank you. Thank you. Okay. Cases are you will test a minute. Well, I will let you arguments in block versus Lamarck. Block versus Lamarck.
judges: Kozinski, Silverman, Weiner